**Quindaro Denard PERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–167–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 17, 1992.

E.G. Huff, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Connie Spence, Asst. Dist. Attys., Houston, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

GILBERTO HINOJOSA, Justice.

On April 7, 1989, appellant pleaded guilty to the offense of criminal mischief, was

placed on probation for one year, and fined $300. On March 20, 1990, the State filed a motion to revoke appellant's probation based on his failure to report and his non-payment of fees and fine. On February 28, 1992, the trial court revoked appellant's probation and ordered execution of the original sentence. Appellant now appeals from the revocation of his probation. We reverse the order revoking probation and remand the cause to the trial court.

In his first point of error, appellant contends that the trial court erred in denying his motion to dismiss the State's motion to revoke because the State failed to demonstrate due diligence in apprehending appellant and bringing him before the trial court for a hearing. We agree.

■ A trial court has jurisdiction to revoke probation after the probationary term has expired as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion. *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex.Crim.App. 1991). In *Rodriguez*, the Court found that, when no due diligence was shown, a two-year delay between the issuance of the arrest warrant and the defendant's arrest was fatal.

Earlier, in the same case, *see Rodriguez v. State*, 784 S.W.2d 582 (Tex.App.—Corpus Christi 1990), we addressed the burdens placed upon the parties when a revocation hearing is held after the expiration of the probationary term. We held that "due diligence" was an affirmative defense so that the defendant had the burden to establish by a preponderance of the evidence that the State failed to exercise due diligence in arresting him. Because the record was silent concerning diligence on the part of the State, we determined that appellant failed to prove his affirmative defense. The Court of Criminal Appeals disagreed with our analysis, however, and determined that once a defendant raises

the issue of lack of due diligence, the burden to establish due diligence falls upon the State. Because the record was silent, the State had not met its burden. *Rodriguez*, 804 S.W.2d at 517.

In *Langston v. State*, 800 S.W.2d 553, 555 (Tex.Crim.App.1990), the Court also addressed the State's burden of showing due diligence. In *Langston*, the delay between the filing of the motion to revoke and the defendant's arrest was eight months. Because the delay was not explained, the Court held that the State failed to meet its burden and the defendant's motion to dismiss should have been granted.

■ In the present case, the motion to revoke was filed on March 20, 1990, and a capias was issued on that date.[1] Appellant's probationary period expired on April 7, 1990. The next docket sheet entry was on February 5, 1992, when the case was reset to February 13. On February 7, appellant filed a motion to dismiss the revocation motion. On February 13, the case was reset to February 28, 1992, on which date the trial court revoked appellant's probation. At the revocation hearing, appellant moved that the revocation motion be dismissed for the State's failure to show diligence in apprehending appellant and bringing him to a hearing. The State presented no evidence to show any effort to locate appellant after it filed the revocation motion. Appellant, even though he was not required to introduce evidence on the matter, introduced uncontroverted testimony that he lived at the address known to the probation department until about August of 1991 (six months prior to the revocation hearing, but approximately eighteen months after the revocation motion was filed). Appellant's mother still resides at that address.

The State contends that the trial court did not abuse its discretion in revoking probation because neither party showed when the defendant was arrested. The State asserts that "with no showing as to when the appellant was arrested, it never

---

1. A copy of the capias is not contained in the record. The docket sheet reflects that the capias was issued on this date, and appellant does not assert that a capias was not timely issued. We too will presume that the docket sheet entry correctly denotes the issuance of the capias.

became incumbent upon the State to go forward with evidence that it exercised due diligence in attempting to make an arrest after the issuance of the warrant." The State's argument is without merit. We recite the correct analysis, quoted above, from *Rodriguez:*

> A trial court has jurisdiction to revoke probation after the probationary term has expired as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, **followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion.** (emphasis ours).

*Rodriguez,* 804 S.W.2d at 517.

The State had the burden of showing that it used due diligence to apprehend appellant **and to hear and determine the allegations in the motion.** Appellant had no burden to show the date of his arrest. The State had the burden. Even if the date of arrest had been shown, the State had the burden of showing that it used due diligence to hear and determine the allegations in the motion. The record is silent in this regard.

The delay between the filing of the motion to revoke and the hearing was almost two years, and the delay between the expiration of the probationary period and the hearing was more than twenty-two months. This unexplained delay is fatal. *See Rodriguez,* 804 S.W.2d at 518; *Langston,* 800 S.W.2d at 555. The trial court should have granted appellant's motion to dismiss. Appellant's first point of error is sustained.

Because we sustain point one, we need not address appellant's second complaint. The judgment of the trial court is reversed, and the cause is remanded to the trial court for action consistent with this opinion.