John SESSIONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–96–00079–CR.

Court of Appeals of Texas, El Paso.

Feb. 13, 1997.

Scott Johnson, Pecos, for Appellant.

Randall W. Reynolds, District Attorney, Pecos, for State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from an order revoking appellant John Sessions' probation. Appellant, in two points of error, contends the trial court erred in denying his motion for directed verdict and erred in not dismissing the State's motion to revoke probation because the State did not carry its burden of showing due diligence in apprehending and bringing appellant before the court. We reverse and remand.

### FACTS

On May 30, 1986, appellant pleaded guilty to Unauthorized Use of a Motor Vehicle. Pursuant to a plea bargain, appellant was sentenced to six years probation and required to make restitution of $8,016. On January 16, 1987, the State filed a motion to revoke probation based on appellant's failure to report to the probation office and nonpayment of restitution and fees. At the same time, a capias was issued. Appellant's probation expired on May 30, 1992. Appellant was arrested in Massachusetts in March 1994. Application for requisition was made on June 19, 1995. A capias issued December 8, 1995 was executed on January 8, 1996. At the revocation hearing on February 2, 1996, appellant's motions for a directed verdict and to dismiss the motion to revoke probation were denied and his probation was revoked. Appellant was sentenced to six years confinement and given credit for 693 days served.

### Due Diligence Not Shown

In both of appellant's points of error, he argues that the trial court erred in denying his motion to dismiss the motion to revoke because the State failed to carry its burden of showing due diligence in arresting appellant and bringing him before the trial court for a hearing on the allegations in the motion to revoke. We agree.

A trial court retains its jurisdiction to revoke probation after the probationary period expires if a motion to revoke was filed and a capias or arrest warrant issued before the period expired. *Harris v. State*, 843 S.W.2d 34, 35 (Tex.Crim.App.1992) (en banc);

*Langston v. State,* 800 S.W.2d 553, 554 (Tex. Crim.App.1990). If these two requisites are satisfied and the probationer is apprehended, the state is entitled to a hearing on its motion to revoke. *Harris,* 843 S.W.2d at 35; *Langston,* 800 S.W.2d at 555. If the probationer raises the issue of a lack of diligence in arresting him, the burden is on the state to show due diligence. *Id.* The trial court should dismiss a motion to revoke if due diligence is raised but not proved. *Langston,* 800 S.W.2d at 555; *Burch v. State,* 821 S.W.2d 385, 387 (Tex.App.—Waco 1991, no pet.).

The parties agree that the motion to revoke was filed and a capias issued prior to the expiration of the term of probation. The sole issue at the hearing and on appeal is the State's obligation to use due diligence in attempting to apprehend the appellant and to hear and determine the allegations in the motion to revoke.

Appellant raised the issue of diligence in a pre-hearing motion to dismiss the motion to revoke, and again in asking for a directed verdict following the State's case-in-chief. This shifted the burden to the State to show diligence. *Harris,* 843 S.W.2d at 35; *Rodriguez v. State,* 804 S.W.2d 516, 517 (Tex.Crim. App.1991) (en banc).

■ The state fails to carry its burden of showing due diligence if there are unexplained delays in apprehending and bringing the defendant before the court for a hearing. *Rodriguez,* 804 S.W.2d at 516 (an unexplained delay of two years between the issuance of arrest warrant and arrest was fatal); *Langston,* 800 S.W.2d at 555 (the state failed to meet its burden of showing diligence when there was an unexplained delay of eight months between the motion to revoke and the defendant's arrest); *Perry v. State,* 841 S.W.2d 924 (Tex.App.—Corpus Christi 1992, no pet.) (unexplained delay of two years between filing of motion to revoke and hearing was fatal). The fact that a probationer leaves the jurisdiction does not excuse the state's duty to exercise diligence in apprehending the probationer. *See, e.g., Holtzman v. State,* 866 S.W.2d 728 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd) (state's contention that delay in arrest was due to actions of appellant in fleeing jurisdiction insufficient without proof of flight and explanation of delay in apprehending); *Hunter v. State,* 820 S.W.2d 5 (Tex.App.—Austin 1991, no pet.) (probation department aware that probationer was in Nevada failed to demonstrate diligent effort to apprehend); *Burch v. State,* 821 S.W.2d 385 (Tex.App.—Waco 1991, no pet.) (state failed to show diligence with unexplained delay between issuance of capias and further action against probationer serving probation in Utah).

■ In the present case, the motion to revoke probation was filed on January 16, 1987. On November 28, 30, and December 2, 1987, the Reeves County sheriff's office was notified that appellant was in custody in Newton, Massachusetts. A probation officer testified at the hearing that "the matter was not aggressively pursued." In July of 1988, the probation department attempted to contact appellant by phone at his grandparents' residence in Woodville, Texas. Appellant's grandfather informed the probation department that appellant was living with his mother, Linda Sessions, in Massachusetts and provided the department with an address and telephone number. Probation then called the Massachusetts number and spoke to Linda Sessions' sister-in-law who confirmed that appellant was living at that address but was not at home. Two years later, in July of 1990, the probation department again attempted to contact appellant at the Massachusetts address. At that time, a message was left requesting appellant or his mother to return the phone call. There is no evidence of further attempts to contact appellant. In December 1994, over two years after appellant's term of probation expired, the Quincy, Massachusetts authorities informed the Reeves County sheriff's office that appellant was again in custody.

There was no explanation offered for the State's inaction for the eighteen months between the filing of the motion to revoke and the first attempt to contact appellant at his grandparents' home. The State did not explain why appellant was not pursued when the Reeves County sheriff was notified in late 1987 that appellant was in custody in Massachusetts. Nor did the State offer an

explanation for the two-year lapse between attempts to contact appellant at the Massachusetts address. Following the 1990 phone contact with appellant's family, it appears all efforts to apprehend appellant were abandoned. There was no evidence of any action by state authorities until the Reeves County sheriff's office was again contacted by Massachusetts authorities in December of 1994.

■ The State's evidence to show due diligence consisted of testimony that the warrant for appellant's arrest was placed in the TCIC/NCIC computer and that this was updated every three years. This, without more, is not evidence of diligence. *See Harris,* 843 S.W.2d at 35. In addition, the trial judge on the record pointed out that the court called the sheriff's attention to this case on an annual basis, requesting a report as to the sheriff's diligence in trying to locate appellant. However, there is nothing in the record to indicate this resulted in any action on the part of the sheriff's office or other state authorities. These minimal efforts do not constitute diligence in attempting to apprehend and bring the appellant before the court for hearing.

### CONCLUSION

The State has failed to demonstrate that it exercised due diligence in apprehending appellant, therefore appellant's motion to dismiss should have been granted. The order revoking probation is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.