**Fred CUELLAR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–98–00790–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1999.

---

OPINION

FRANK C. PRICE,[1] Justice (Assigned).

Fred Cuellar appeals the trial court's order modifying the conditions of his appeal bond.

On May 27, 1998, a jury found Cuellar guilty of theft of more than $200,000, and assessed his punishment at 10 years confinement, probated for 10 years, plus a fine of $10,000. At sentencing, visiting judge William Hatten, who presided over the trial, ordered as a condition of community supervision that Cuellar pay restitution of $1,075,-100. He further ordered that Cuellar pay $150,000 of that restitution by June 27, 1998. Cuellar gave notice of appeal and Judge Hatten set a $200,000 appeal bond.[2] That bond subsequently was reduced to $100,000 and made by appellant.

On her return to the bench, the elected trial judge, the Honorable Mary Bacon, scheduled a hearing for July 7, 1998, to consider amending the conditions of Cuellar's appeal bond. At the hearing, the trial judge stated:

[H]aving learned from the court reporter that Mr. Cuellar had said under oath to the jury that he had assets enough to pay a hundred sixty thousand dollars to the complainants as a term and condition of any probation, I am requiring as a term and condition of his appeal bond that he deposit a hundred sixty thousand dollars into the Registry of the Court within 30 days.

Secondly, I feel that if unrestricted in some manner, Mr. Cuellar is likely to commit another offense. I want him to place on the Internet; that is, his web page, or any other advertising that he does this disclaimer—... ["]On May 27, 1998, I was convicted of the first degree felony of theft by a jury in the 338th District Court of

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Julie Klibert, Houston, for appellee.

Before Justices WILSON, ANDELL, and PRICE.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. The appeal of the theft conviction is pending in this Court in Cause No. 01–98–00572–CR. We

take judicial notice of the contents of the reporter's record from Cause No. 01–98–00572–CR for the opinion in this case. See Ex parte Sotelo, 878 S.W.2d 179, 181 (Tex.App.—Fort Worth 1993, pet. ref'd).

Harris County, Texas, in cause number 743694. This case is presently on appeal."

On July 16, 1998, in accordance with TEX. CODE CRIM. P. ANN. art. 44.04(g) (Vernon Supp.1999), appellant appealed the trial court's amendments to the bail conditions. On appeal, Cuellar asserts in his sole point of error, that the trial court abused its discretion in setting unreasonable amended conditions of the appeal bond: (1) in ordering the payment of monies into the registry of the court, and (2) in ordering Cuellar's advertising restricted to contain the acknowledgment of his conviction for theft.

 When one is released from custody on an appeal bond, the condition of discharge must be reasonable. TEX.CODE CRIM. P. ANN. art. 44.04(a) (Vernon Supp.1999). Determining the reasonableness of a bail condition must be done in light of its primary purpose, to assure the defendant's presence in court. *Valenciano v. State*, 720 S.W.2d 523, 525 (Tex.Crim.App.1986); *see also Speth v. State*, 939 S.W.2d 769, 770–71 (Tex.App.—Houston [14th Dist.] 1997, no pet.). In each individual case, when conditions are imposed, those conditions must strike a balance between society's interest in assuring the defendant's appearance, if and when his conviction becomes final, and the defendant's interest in remaining free pending appeal. *Valenciano*, 720 S.W.2d at 525.

██ Cuellar argues that ordering him to place $160,000 into the registry of the court is punitive by requiring pre-payment of restitution as part of the conditions of probation. The State contends that such payment will insure his presence in court if his case is affirmed.

It is unclear what Judge Bacon's motive was for ordering the $160,000 payment other than stating it was a term and condition of the appeal bond. Apparently, the trial judge was not raising the amount of the bond or attempting to require additional security. She made no reference and expressed no concern regarding Cuellar's failure to appear. Additionally, she placed no restrictions on his ability to travel except to require him to provide an itinerary prior to leaving the county.

██ The only other reason for ordering the deposit was to protect the availability of a large down payment toward restitution as a condition of community supervision if the case is affirmed. Judge Hatten initially ordered, as a condition of community supervision, payment of $150,000 restitution. However, this payment was not due until the appeal was decided because when an appeal is taken from a criminal conviction assessing a probated sentence, the terms of community supervision do not commence until mandate from the appellate court, effecting final disposition of the appeal, is issued. *See Surety Corp. of America v. State*, 550 S.W.2d 689, 690 (Tex.Crim.App.1977).

Judge Bacon increased Judge Hatten's originally ordered restitution amount to $160,000, but called it a condition of bail. One can only speculate that the increase of $10,000 was either to provide more restitution to the victims or to cover the $10,000 fine assessed by the jury if and when the conviction is affirmed. In any event, the ordered payment by Judge Bacon was not assessed to secure Cuellar's presence in court because, if the judgment is affirmed, the money is obviously earmarked for purposes other than to be returned to him. *See Easton v. Rains*, 866 S.W.2d 656, 659 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding)(holding that requiring payment of money for court costs as a condition of bail had nothing to do with securing appellant's appearance in court). Thus, we hold the trial court abused its discretion in ordering payment of the $160,000 into the registry of the court.

██ Regarding the condition requiring posting a conviction notice on Cuellar's web page and in other media advertising, Cuellar claims it has no relation to his continued presence for further judicial proceedings. Cuellar argues the requirement impinges on his right of free speech under article one, section eight of the Texas Constitution, and, as a minority owner in the company, affects third party rights by impeding commerce. The State maintains the condition is reasonable to ensure Cuellar will not be tempted to commit another offense while his conviction is pending appeal.

██ The purpose of article one, section eight is to preserve the affirmative right to

speak, either orally or by written publication, but also holds the speaker responsible for any abuse of that privilege. Pre-speech sanctions or prior restraints are subject to judicial scrutiny with a heavy presumption against their constitutional validity. *Ex parte Price*, 741 S.W.2d 366, 369 (Tex.1987). A prior restraint would be permissible only when essential to the avoidance of an impending danger. *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253, 255 (Tex.1983).

In the present case, neither the record from the theft trial, nor from the trial court's appeal bond hearing, contains evidence that Cuellar used the Internet or any other form of advertising to engage in the conduct for which the jury found him guilty. Further, he has no history of prior criminal activity. We, therefore, find that the restrictive requirement does not serve the purpose, as the State claims, to avoid the impending danger of Cuellar engaging in future criminal activity. It is a violation of Cuellar's right to free speech and impedes his right to pursue a living through legitimate means.

Accordingly, we sustain Cuellar's point of error as to each of the two amendments to his appeal bond. We reverse the trial court's order amending conditions of appeal bond.