Russell Hamilton Harris v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-210-CR

     RUSSELL HAMILTON HARRIS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 16,577-272
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      The court revoked Russell Hamilton Harris’s probation for indecency with a child and
sentenced him to ten years’ imprisonment. Harris presents the following points: (1) the trial
court lost jurisdiction to revoke his probation because the motion to revoke was filed and the
capias was issued after the expiration of his probation; and (2) the trial court erred in revoking
his probation because the State failed to exercise due diligence in executing the capias.
 
BACKGROUND
      Harris pleaded guilty to indecency with a child and was sentenced to ten years’
confinement in the Texas Department of Corrections. The court suspended imposition of
sentence and placed him on probation for ten years. The court signed the judgment and
sentence in September 1986 and Harris appealed. The appellate court affirmed the judgment
and issued its mandate on January 28, 1988. The State filed a Motion to Revoke on October 6,
1997. A capias issued on the same date. California authorities served the capias on April 14,
1999. The court heard the revocation motion one month later.
JURISDICTION
      Harris claims in his first point that the jurisdiction of the court to revoke his probation
lapsed before the State filed the Motion to Revoke and the capias issued. Harris is correct if
probation commences on the day of sentencing, notwithstanding an appeal. However, where
an appeal is taken, probation does not commence until the mandate of the appellate court
issues. See Ex Parte Hatcher, 894 S.W.2d 364, 365 (Tex. Crim. App. 1995) (citing Delorme
v. State, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973); Cuellar v. State, 985 S.W.2d 656,
658 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). Harris’ probation commenced on
January 28, 1988 when the appellate court’s mandate issued. Consequently, the Motion to
Revoke and capias were timely. Accordingly, we overrule Harris’s first point.
DUE DILIGENCE
      Harris claims in his second point that the State did not exercise due diligence. Harris
raised the issue of due diligence at the hearing on the Motion to Revoke. The burden of
showing due diligence is on the State only if the defendant raises the issue at the revocation
hearing. Burch v. State, 821 S.W.2d 385, 386 (Tex. App.—Waco 1991, no pet.) (citing Langston
v. State, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990)). Once raised, the State must prove by a
preponderance of the evidence that it exercised due diligence. Shaw v. State, 622 S.W.2d 862,
863 (Tex. Crim. App. 1981). The State cannot rely on efforts to locate the defendant prior to the
issuance of the capias, to establish due diligence. Rodriguez v. State, 804 S.W.2d 516, 519 (Tex.
Crim. App. 1991); Langston, 800 S.W.2d at 555; Prior v. State, 795 S.W.2d 179, 185 (Tex.
Crim. App. 1990). 
         The capias issued on October 6, 1997. Harris was apprehended in May of 1999, nineteen
months later. The State placed Harris on the absconder caseload in October 1997, after the
capias issued. Harris was placed in the “Most Wanted” section of a local newspaper in January
1998. Finally, a records check with the Los Angeles County Sheriff’s Department was
performed in November 1998. These were the only actions taken to apprehend Harris after the
capias was issued. Similar to Langston, appellant here had relatives that the State knew of but
did not contact. Langston, 800 S.W.2d at 553. The State knew of Harris’ grandmother in
Caldwell, Texas but made no effort to contact her. Similar to this Court’s opinion in Peacock,
there is no evidence in this case that the State knew appellant’s address at any time. Peacock v.
State, No. 10-99-345-CR, 2000 Tex. App. LEXIS 6046 (Tex. App.—Waco August 30, 2000 no
pet. h.). We cannot conclude that the State failed to exercise due diligence in this case. We
overrule appellant’s second point.
 

       We affirm the judgment.
 
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
            (Justice Vance Dissenting)
Affirmed
Opinion delivered and filed November 22, 2000
Do not publish