NO. 12-01-00221-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HERMAN WESLEY JONES,
§
 APPEAL FROM THE

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 The trial court revoked Appellant Herman Wesley Jones's probation and sentenced him to
180 days in county jail. In one issue, Appellant complains that the trial court erred when it denied
his motion to dismiss the State's motion to revoke when the State failed to show due diligence in
executing a capias. We reverse the trial court's judgment and remand to the trial court with
instructions to dismiss the motion to revoke.


Background

 On April 20, 2000, Appellant pleaded guilty to the charge of Driving While License
Suspended and was sentenced to 180 days in county jail, probated for one year. His probation,
therefore, was to expire on April 19, 2001. On March 29, 2001, Lorie Grisham, a Smith County
probation officer, filed the State's application to revoke Appellant's probation. The capias was
issued on April 2, 2001, but it was not executed. On April 10, Grisham served Appellant with the
State's application to revoke his probation, reviewed the allegations with him, informed him of the
hearing date (May 10), and advised Appellant that failure to appear for the hearing would result in
the capias being executed.

 Grisham filed the State's first amended application to revoke probation on April 11, 2001. 
A second capias was issued on April 17, but was never executed. If the probation department
believed the probationer was not a flight risk, and the trial court approved, it was the State's custom
to execute a capias only if the probationer failed to appear to receive his notice to show cause or if
he failed to appear for a hearing. 

 At the May 10 hearing, at which Appellant appeared, the trial court appointed an attorney for
Appellant and set the revocation hearing for May 31. On May 31, Appellant's attorney argued that
the trial court should dismiss the motion to revoke because the State failed to use due diligence in
executing the capias. The trial court denied Appellant's motion to dismiss. After Appellant pleaded
true to several of the allegations in the motion, the trial court revoked Appellant's probation and
sentenced him to 180 days in the Smith County jail. This appeal followed. 

 

Due Diligence in Executing Capias

 In his sole issue, Appellant complains that the trial court erred when it denied Appellant's
motion to dismiss. Appellant bases this complaint upon the defense that the State failed to use due
diligence in executing either capias which was issued after the motion to revoke was filed. 

 Two requirements must be met for a trial court to acquire jurisdiction to revoke probation. 
The State must file with the trial court, before the expiration of the probationary period, a motion
to revoke probation that alleges the probationer violated the terms of the probation judgment. 
Guillot v. State, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976). The trial court must then, before the
expiration of the probationary period, issue a capias based upon this motion that orders the arrest of
the probationer. Id.

 In addition to these jurisdictional requirements, the State is required to use due diligence in
having the trial court conduct a hearing on the allegations in its revocation motion. Harris v. State,
843 S.W.2d 34, 34 (Tex. Crim. App. 1992). The State is also required to use due diligence in
executing the capias that results from the motion to revoke. Brecheisen v. State, 4 S.W.3d 761, 763
(Tex. Crim. App. 1999). The lack of due diligence is a plea in bar or defense, which must be raised
by a defendant at the revocation hearing. Id. This defense, however, is not an affirmative defense. 
Rodriguez v. State, 804 S.W.2d 516, 519 (Tex. Crim. App. 1991). Once the defendant meets the
burden of production by raising the due-diligence issue at the revocation hearing, the State incurs
the burden of persuasion to show that it exercised due diligence. Id.; Langston v. State, 800 S.W.2d
553, 555 (Tex. Crim. App. 1990). 

 The State argues that it did not need to execute the capias in this case, so the requirement of
due diligence in arresting Appellant was not triggered. In Rodriguez, however, the State knew the
whereabouts of the probationer at all times after the capias was issued. But the State made the
decision not to arrest the probationer, and did not do so until Rodriguez was "apprehended" at the
Department of Public Safety office. Rodriguez, 804 S.W.2d at 518-19. The court of criminal
appeals held that the State failed to show that it had exercised due diligence in executing the capias. 
This was so even though it was customary for the probation office to deal with revocations in this
manner. Id. Also, in Langston, the court held that the State failed in its burden of showing due
diligence when, although it knew Langston's address at all times, it did not arrest the probationer. 
Langston, 800 S.W.2d at 555. And in Langston, just as in this case, the probationer was told that
a motion to revoke and a capias had been filed. Id. 

Analysis

 In the case before us, the trial court had jurisdiction to revoke Appellant's probation since
the State filed the motion to revoke and issued a capias based upon that motion before the expiration
of Appellant's probationary period. Further, it is uncontroverted that the State used due diligence
in having the allegations in the revocation motion heard. The sole issue, therefore, is whether the
State used due diligence in executing the capias. The record shows, and the State stipulates, that
neither capias was ever executed. The State knew the location of Appellant's residence. 
Additionally, Appellant appeared at the probation department after the first capias was issued. He
also appeared at the probation department after the second capias was issued. The State still did not
execute the capias when Appellant appeared at the May 10 hearing. At the revocation hearing, the
State did not assert any logistical reason for not executing the capias - simply that it was customary
not to do so when there was no risk that the defendant would flee. We are unable to locate, and the
State has not provided us with, any authority that execution of the capias is not required when the
defendant is not a flight risk. The State, therefore, wholly failed to show that it used due diligence
in executing the capias.

 A failure to dismiss a probation-revocation proceeding when the State has failed to show due
diligence cannot be remedied by a new hearing. Brecheisen, 4 S.W.3d at 765. We must, therefore,
reverse the judgment of the trial court and remand the case to the trial court with instructions to
dismiss the motion to revoke probation.



Opinion delivered May 8, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)