IN THE MATTER OF C.B., A JUVENILE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-341-CV

IN THE MATTER OF C.B., A JUVENILE 

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

C.B., a juvenile, appeals from a modification order that altered his disposition from community supervision to an indeterminate commitment to the Texas Youth Commission (TYC).  In one issue, C.B. complains that the juvenile court erred when it found that the State exercised due diligence in attempting to modify his disposition order before the juvenile court lost jurisdiction over him when he reached the age of eighteen.  We affirm.

II. Background Facts

C.B. was born on August 1, 1987, and turned eighteen on August 1, 2005.  In February of 2004, C.B. was adjudicated delinquent and placed on community supervision.  On March 21, 2005, the State filed a petition to modify and extend disposition.
(footnote: 2)  On that same day, the juvenile court signed an order setting the hearing on the State’s petition for May 11, 2005.  On March 29, 2005, C.B. absconded and the juvenile court issued a directive to apprehend him.  On June 27, 2005, C.B. voluntarily surrendered himself into the custody of the Wichita County Juvenile Detention Center. 

Subsequently, the prosecutor and defense counsel agreed on August 15, 2005 as an acceptable date for the hearing on the State’s petition to modify and extend disposition.  Later, C.B.’s counsel asked for a continuance because he had a scheduling conflict.  On September 1, 2005, the juvenile court conducted a hearing on the State’s petition to modify and extend disposition over C.B.  The juvenile court found that C.B. had committed delinquent conduct by violating three of the terms of the previous order of probation.  The juvenile court then entered a modified order of disposition that committed C.B. to TYC for an indeterminate time, not to exceed his twenty-first birthday.  During the hearing, the juvenile court also found that the State had exercised due diligence in attempting to complete the proceeding before C.B. turned eighteen. 

III. Applicable Law

Generally, when a child reaches the age of eighteen the juvenile court's jurisdiction is limited to either dismissing the case or transferring the person to a district court or criminal district court for a criminal proceeding.  
In re N.J.A.
, 997 S.W.2d 554, 556 (Tex. 1999).  There is an exception to this rule, however, for incomplete proceedings.  Texas Family Code section 51.0412 provides as follows:

The court retains jurisdiction over a person, without regard to the age of the person, who is a respondent in an adjudication proceeding, a disposition proceeding, or a proceeding to modify disposition if:

(1) the petition or motion to modify was filed while the respondent was younger than 18 years of age;

(2) the proceeding is not complete before the respondent becomes 18 years of age; and

(3) the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became 18 years of age.

Tex. Fam. Code Ann
. § 51.0412 (Vernon 2002).

In his sole issue, C.B. contends that the juvenile court erred when it found that the State exercised due diligence.  We point out that Texas courts have not defined due diligence as used in section 51.0412(j)(4) of the Texas Family Code.  Nevertheless, the term “due diligence” has been used in a number of contexts in both criminal and civil proceedings
.  See e.g., Bawcom v. State, 
78 S.W.3d 360, 363 (Tex. Crim. App. 2002) (holding due diligence may be shown by pre-capias diligence); 
In re N.M.P., 
969 S.W.2d 95, 100 (Tex. App.—Amarillo 1998, no pet.)
 
(holding in general, due diligence requires that a party not simply sit on their rights or duties). 
 Additionally, several Texas cases have addressed what is not due diligence.  
See McClellan v. State
, 742 S.W.2d 655, 656 (Tex. Crim. App. 1987) (holding due diligence is not shown where delays are in prosecutor's control), 
cert. denied
, 484 U.S. 1074 (1988); 
Sessions v. State
, 939 S.W.2d 796, 798 (Tex. App.—El Paso 1997, no pet.) (holding due diligence not shown by unexplained delays).  However, we have found no authority which requires the State to do everything perceivable and conceivable to avoid delay in order to establish due diligence.  Rather, the burden imposed by due diligence requires the State to attempt to move ahead, or to be able to reasonably explain delays.  
N.M.P.
, 969 S.W.2d at 101. 

In this instance, the record shows that the hearing was originally set for May 11, 2005.  This date was approximately two-and-a-half months before C.B. turned eighteen.  However, due to C.B.’s three-month disappearance, the hearing was delayed.  Following C.B.’s return, the record reflects that the prosecutor and the defense attorney sought a mutually agreeable hearing date.  Chuck Smith, C.B.’s defense attorney, testified that he recalled discussions with Kyle Lessor, the assistant district attorney in the case, in which they decided to set the hearing on August 15.  Lessor also testified that he and Smith had agreed that the first date in which they would both be available was August 15.  Further, Smith acknowledged that the August 15 hearing was rescheduled to an even later date due to his request for a continuance because of a scheduling conflict.  Under these circumstances, we hold that the State exercised due diligence.  Accordingly, we overrule C.B.’s sole issue.

IV. Conclusion

Having overruled C.B.’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: June 29, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The petition stated that C.B. had violated the conditions of his probation by skipping school, driving without a valid driver’s license, failing to comply with his curfew, and failing to report in person to his probation officer.