COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-341-CV

 

 

IN THE MATTER OF C.B., A JUVENILE                                                    

                                                                                                        

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction

C.B., a juvenile, appeals
from a modification order that altered his disposition from community
supervision to an indeterminate commitment to the Texas Youth Commission
(TYC).  In one issue, C.B. complains that
the juvenile court erred when it found that the State exercised due diligence
in attempting to modify his disposition order before the juvenile court lost
jurisdiction over him when he reached the age of eighteen.  We affirm.








II.
Background Facts

C.B. was born on August 1,
1987, and turned eighteen on August 1, 2005. 
In February of 2004, C.B. was adjudicated delinquent and placed on
community supervision.  On March 21,
2005, the State filed a petition to modify and extend disposition.[2]  On that same day, the juvenile court signed
an order setting the hearing on the State=s petition for May 11, 2005.  On
March 29, 2005, C.B. absconded and the juvenile court issued a directive to
apprehend him.  On June 27, 2005, C.B.
voluntarily surrendered himself into the custody of the Wichita County Juvenile
Detention Center. 








Subsequently, the prosecutor
and defense counsel agreed on August 15, 2005 as an acceptable date for the
hearing on the State=s petition
to modify and extend disposition.  Later,
C.B.=s counsel asked for a continuance because he had a scheduling
conflict.  On September 1, 2005, the
juvenile court conducted a hearing on the State=s petition to modify and extend disposition over C.B.  The juvenile court found that C.B. had
committed delinquent conduct by violating three of the terms of the previous
order of probation.  The juvenile court
then entered a modified order of disposition that committed C.B. to TYC for an
indeterminate time, not to exceed his twenty-first birthday.  During the hearing, the juvenile court also
found that the State had exercised due diligence in attempting to complete the
proceeding before C.B. turned eighteen. 

III.
Applicable Law

Generally, when a child
reaches the age of eighteen the juvenile court's jurisdiction is limited to
either dismissing the case or transferring the person to a district court or
criminal district court for a criminal proceeding.  In re N.J.A., 997 S.W.2d 554, 556
(Tex. 1999).  There is an exception to
this rule, however, for incomplete proceedings. 
Texas Family Code section 51.0412 provides as follows:

The
court retains jurisdiction over a person, without regard to the age of the
person, who is a respondent in an adjudication proceeding, a disposition
proceeding, or a proceeding to modify disposition if:

 

(1) the petition or motion to modify was filed
while the respondent was younger than 18 years of age;

 

(2) the proceeding is not complete before the
respondent becomes 18 years of age; and

 

(3) the court enters a finding in the proceeding
that the prosecuting attorney exercised due diligence in an attempt to complete
the proceeding before the respondent became 18 years of age.

 

Tex. Fam. Code Ann. ' 51.0412
(Vernon 2002).








In his sole issue, C.B.
contends that the juvenile court erred when it found that the State exercised
due diligence.  We point out that Texas
courts have not defined due diligence as used in section 51.0412(j)(4) of the
Texas Family Code.  Nevertheless, the
term Adue diligence@ has been
used in a number of contexts in both criminal and civil proceedings.  See e.g., Bawcom v. State, 78 S.W.3d 360,
363 (Tex. Crim. App. 2002) (holding due diligence may be shown by pre‑capias
diligence); In re N.M.P., 969 S.W.2d 95, 100 (Tex. App.CAmarillo 1998, no pet.) (holding in general, due diligence
requires that a party not simply sit on their rights or duties).  Additionally, several Texas cases have
addressed what is not due diligence.  See
McClellan v. State, 742 S.W.2d 655, 656 (Tex. Crim. App. 1987) (holding due
diligence is not shown where delays are in prosecutor's control), cert.
denied, 484 U.S. 1074 (1988); Sessions v. State, 939 S.W.2d 796, 798
(Tex. App.CEl Paso
1997, no pet.) (holding due diligence not shown by unexplained delays).  However, we have found no authority which
requires the State to do everything perceivable and conceivable to avoid delay
in order to establish due diligence. 
Rather, the burden imposed by due diligence requires the State to
attempt to move ahead, or to be able to reasonably explain delays.  N.M.P., 969 S.W.2d at 101. 








In this instance, the record
shows that the hearing was originally set for May 11, 2005.  This date was approximately two-and-a-half
months before C.B. turned eighteen. 
However, due to C.B.=s three-month disappearance, the hearing was delayed.  Following C.B.=s return, the record reflects that the prosecutor and the defense
attorney sought a mutually agreeable hearing date.  Chuck Smith, C.B.=s defense attorney, testified that he recalled discussions with Kyle
Lessor, the assistant district attorney in the case, in which they decided to
set the hearing on August 15.  Lessor
also testified that he and Smith had agreed that the first date in which they
would both be available was August 15. 
Further, Smith acknowledged that the August 15 hearing was rescheduled
to an even later date due to his request for a continuance because of a
scheduling conflict.  Under these
circumstances, we hold that the State exercised due diligence.  Accordingly, we overrule C.B.=s sole issue.

IV.
Conclusion

Having overruled C.B.=s sole issue, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
June 29, 2006

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]The petition stated that C.B. had
violated the conditions of his probation by skipping school, driving without a
valid driver=s license, failing to comply with
his curfew, and failing to report in person to his probation officer.