COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-030-CR

NO. 2-08-031-CR

 

 

MARCUS ELLSWORTH HODGE, JR.                                       APPELLANT

A/K/A MARCUS HODGE

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








Based on the timing of two separate offenses of
sexual assault of a child, two separate indictments, and the orders placing
Appellant Marcus Ellsworth Hodge, Jr. on deferred adjudication community
supervision, Appellant ended up being placed on deferred adjudication community
supervision for both offenses.  On June
27, 2005, Appellant was placed on eight years=
deferred adjudication community supervision for the first offense and on April
24, 2006, Appellant was sentenced to seven years=
deferred adjudication community supervision for the second offense.

On August 9, 2006, the State filed a petition to
proceed to adjudication in both cases. 
At the hearing on the State=s
motion, Appellant entered a plea of true to paragraphs two, three, and five of
the petitions, admitting that he had failed to report as ordered, failed to
notify the community supervision office of a change of address or employment
within five days of the change, and failed to attend sex offender treatment and
comply with treatment requirements.  The
trial court proceeded to adjudicate Appellant=s guilt
in both cases and sentenced him to ten years=
confinement in the Institutional Division of the Texas Department of Justice in
each case.  








In a single issue on appeal, Appellant claims
that the State offered no evidence that it had complied with Texas Code of
Criminal Procedure article 42.12, section 24=s due
diligence requirement.  See Tex.
Code Crim. Proc. Ann. art. 42.12 ' 24
(Vernon Supp. 2008).  Appellant claims
that no evidence exists in the record that the State exercised due diligence in
bringing the issue of community supervision revocation before the trial court.  The State points outCand
Appellant candidly concedesCthat the
issue of lack of diligence was not raised in the trial court at the revocation
hearing.  Although Appellant claims that
the State should have explained what steps it took to exercise reasonable
diligence in issuing a capias and bringing this matter to the trial court=s
attention, the issue of lack of diligence must be raised by a defendant before
or during the revocation hearing in order to preserve it for appellate
review.  Peacock v. State, 77
S.W.3d 285, 287B88 (Tex. Crim. App. 2002); Brecheisen
v. State, 4 S.W.3d 761, 764 (Tex. Crim. App. 1999).  Once a defendant raises the issue, the State
has the burden to show due diligence.  Peacock,
77 S.W.3d at 288 (quoting Langston v. State, 800 S.W.2d 553, 555 (Tex.
Crim. App. 1990)).  Consequently, we hold
that because Appellant did not raise the issue of lack of diligence in the
trial court, he has not preserved it for our review; moreover, because
Appellant did not raise the issue of due diligence before or during the
revocation hearing, the State did not have the burden to show due
diligence.  See, e.g., id. at 287B88.








And finally, the State points out that, in any
event, Texas Code of Criminal Procedure article 42.12, section 24=s due
diligence requirement is relevant only when the community supervision period
has expired prior to the defendant=s arrest
and does not apply if the defendant is arrested within the community
supervision period.  See Ballard v.
State, 126 S.W.3d 919, 921 (Tex. Crim. App. 2004).  Here, Appellant was arrest on outstanding
capias warrants on December 16, 2007, well within the community supervision
period for both offenses.  Consequently,
even if Appellant had preserved this issue for our review, it would be overruled
on the merits.  We overrule Appellant=s sole
issue on appeal.

Having overruled Appellant=s sole
issue, we affirm the trial court=s
judgments.

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
DAUPHINOT and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 18, 2008











[1]See Tex. R. App. P. 47.4.