

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-030-CR**
**NO. 2-08-031-CR**

MARCUS ELLSWORTH HODGE, JR.                        APPELLANT
A/K/A MARCUS HODGE

V.

THE STATE OF TEXAS                                  STATE

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Based on the timing of two separate offenses of sexual assault of a child, two separate indictments, and the orders placing Appellant Marcus Ellsworth Hodge, Jr. on deferred adjudication community supervision, Appellant ended up being placed on deferred adjudication community supervision for both offenses. On June 27, 2005, Appellant was placed on eight years' deferred adjudication

---

[1] *See* Tex. R. App. P. 47.4.

community supervision for the first offense and on April 24, 2006, Appellant was sentenced to seven years' deferred adjudication community supervision for the second offense.

On August 9, 2006, the State filed a petition to proceed to adjudication in both cases. At the hearing on the State's motion, Appellant entered a plea of true to paragraphs two, three, and five of the petitions, admitting that he had failed to report as ordered, failed to notify the community supervision office of a change of address or employment within five days of the change, and failed to attend sex offender treatment and comply with treatment requirements. The trial court proceeded to adjudicate Appellant's guilt in both cases and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Justice in each case.

In a single issue on appeal, Appellant claims that the State offered no evidence that it had complied with Texas Code of Criminal Procedure article 42.12, section 24's due diligence requirement. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 24 (Vernon Supp. 2008). Appellant claims that no evidence exists in the record that the State exercised due diligence in bringing the issue of community supervision revocation before the trial court. The State points out—and Appellant candidly concedes—that the issue of lack of diligence was not raised in the trial court at the revocation hearing. Although Appellant

2

claims that the State should have explained what steps it took to exercise reasonable diligence in issuing a capias and bringing this matter to the trial court's attention, the issue of lack of diligence must be raised by a defendant before or during the revocation hearing in order to preserve it for appellate review. *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002); *Brecheisen v. State*, 4 S.W.3d 761, 764 (Tex. Crim. App. 1999). Once a defendant raises the issue, the State has the burden to show due diligence. *Peacock*, 77 S.W.3d at 288 (quoting *Langston v. State*, 800 S.W.2d 553, 555 (Tex. Crim. App. 1990)). Consequently, we hold that because Appellant did not raise the issue of lack of diligence in the trial court, he has not preserved it for our review; moreover, because Appellant did not raise the issue of due diligence before or during the revocation hearing, the State did not have the burden to show due diligence. *See, e.g., id.* at 287–88.

And finally, the State points out that, in any event, Texas Code of Criminal Procedure article 42.12, section 24's due diligence requirement is relevant only when the community supervision period has expired prior to the defendant's arrest and does not apply if the defendant is arrested within the community supervision period. *See Ballard v. State*, 126 S.W.3d 919, 921 (Tex. Crim. App. 2004). Here, Appellant was arrest on outstanding capias warrants on December 16, 2007, well within the community supervision period

3

for both offenses.  Consequently, even if Appellant had preserved this issue for our review, it would be overruled on the merits.  We overrule Appellant's sole issue on appeal.

Having overruled Appellant's sole issue, we affirm the trial court's judgments.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 18, 2008

4