NUMBER 13-10-00284-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

VICTOR MARTINEZ GARCIA,                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                    Appellee.

                                                                     


 

On appeal from the 36th
District Court

of San Patricio County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            Appellant,
Victor Martinez Garcia, pleaded true to allegations in the State’s motion to
revoke his probation.  The trial court ordered his probation revoked, sentenced
him to seven years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice, and ordered him to pay a $1,000 fine.  By one
issue, Garcia contends that the trial court abused its discretion by not
dismissing the case for lack of prosecutorial diligence in pursuing the
revocation.  We reverse and remand.

I.  Background

Garcia
was indicted for the offense of third-degree felony possession of a controlled
substance on July 12, 2002.  See Tex.
Health & Safety Code Ann. § 481.115 (West 2010).  He entered
into a plea agreement with the State, pleaded guilty, and the trial court
assessed punishment at ten years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice and a $1,000.00 fine.  In accordance
with his plea agreement, the punishment was probated for a term of five years
beginning on May 1, 2003.

On
January 19, 2006, the State filed a motion to revoke Garcia’s probation
alleging that Garcia withdrew from a treatment facility without written release
from the court and failed to report a change of address within two working
days.  The trial court executed a warrant for Garcia’s arrest the same day.

On
May 1, 2008, when Garcia’s probation would have expired, he had still not been
served capias on the motion to revoke and the State had taken no additional
action.  The record before us is unclear as to the exact dates, but sometime
before June 5, 2008, Garcia was arrested on unrelated charges and served a
prison term lasting until July 2009.  After that time, Garcia was released from
prison and registered as a sex offender in San Patricio County where he resided
until his arrest on the warrant in this case in January 2010.

At
the hearing, Garcia pleaded “true” to the allegations in the 2006 motion to
revoke.[1] 
Garcia’s counsel argued during the punishment phase of the hearing that the
cause should have been dismissed.  The trial court granted the motion to revoke
and sentenced Garcia to seven years’ imprisonment along with fines and costs. 
This appeal followed.  

II. 
Applicable Law

We
review the revocation of a probated sentence for an abuse of discretion. Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (citing Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)).  A trial court abuses its discretion if it acts
without reference to any guiding rules or principles.  Montgomery v. State,
810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  In Brecheisen v. State, the
Texas Court of Criminal Appeals described the diligence requirements in
prosecuting a motion to revoke:

Two requirements
must be met for a trial court to acquire jurisdiction to revoke probation.  The
State must file with the trial court, before the expiration of the probationary
period, a motion to revoke probation that alleges the probationer violated the
terms of the probation judgment.  The trial court must then, before the
expiration of the probationary period, issue a capias based upon this motion
that orders the arrest of the probationer.

 

In addition to
these jurisdictional requirements, the court is required to use due diligence
in hearing and determining the allegations in the revocation motion.  The State
is also required to use due diligence in executing the capias that results from
the motion to revoke . . . .  The lack of due diligence is
a plea in bar or defense, which must be raised by a defendant at the revocation
hearing.  

 

This defense,
however, is not an affirmative defense. Once the defendant meets the burden of
production by raising the due-diligence issue at the revocation hearing, the
State incurs the burden of persuasion to show that it exercised due diligence.

 

4
S.W.3d 761, 763 (Tex. Crim. App. 1999) (citations omitted).

III.  Analysis

            In
his sole issue on appeal, Garcia contends that the State did not exercise due
diligence in executing the capias or in prosecuting the motion to revoke in
this case, and therefore, the trial court abused its discretion by not
dismissing the case.  We agree.

            In
this case, four years passed from the time the capias was issued until the time
that Garcia was finally served.  For two of these years, Garcia was
incarcerated within the state of Texas, and for an additional six months, he
was registered as a sex offender within San Patricio County.  The State clearly
had access to Garcia’s whereabouts well before the time that the capias was
actually served and could have served it within his original term of probation
ending in May 2008.  The record is silent as to what measures, if any, the
State took in order to execute the capias and bring Garcia before the court on
the motion to revoke.  Once the issue is raised, “the State incurs the burden
of persuasion to show that it exercised due diligence[,]” and therefore,
because the state presented no evidence that it exercised any diligence
whatsoever in the course of the four years in which the capias was pending, the
trial court should have dismissed the case.  See id.; Rodriguez v.
State, 804 S.W.2d 516, 518 (Tex. Crim. App. 1991) (citing Langston v.
State, 800 S.W.2d 553, 555 (Tex. Crim. App. 1990)) (“Because the seven and
one-half month delay in arresting the defendant was not explained, there was
nothing to show diligence on behalf of the State.  Therefore, the defendant's
motion to dismiss should have been granted.”).

The
State contends that Garcia did not “meet[] the burden of production by raising
the due-diligence issue at the revocation hearing,” and therefore, the State’s
burden to show due diligence was never triggered.  See Brecheisen, 4
S.W.3d at 762.  We disagree.  No precise combination of words is
necessary to raise a defensive issue or to preserve it for our appeal.  See Tex. R. App. P. 33.1(a) (noting that a
complaint is preserved for our review if it was made by a timely request in
which the grounds for the complaint were explained “with sufficient specificity
to make the trial court aware of the complaint”).  In this case, Garcia’s
counsel made the following argument to the court at the hearing:

            Judge, as you can read in
the P.S.I., he was incarcerated in the institutional division for a period of
two years I believe.  I don’t know why no one found him or knew where he was. 
I don’t know why he was released if there was a warrant out for his arrest from
[January 2006] . . . .  This is an old case.  I’d ask the
[c]ourt to dismiss this probation and let him go on his way.  I think that—I
don’t know why he was not allowed to take care of this when he was—whatever was
going on in Harris County, but that would have been the time to handle this
M.T.R. and get this all taken care of. . . .  So, I’d ask
the [c]ourt to dismiss this case.

 

We conclude
that this was sufficiently specific to inform the judge that Garcia was
complaining about the delay in service, the State’s failure to “find” him even
though he was in state custody, and that the proper relief would be a dismissal. 


The
State additionally contends that the above quoted request was insufficient to
raise the issue of due diligence because it was not provided in a written
motion.  See Brecheisen, 4 S.W.3d at 762 (addressing the due diligence issue
based on a written motion from the defendant); Rodriguez, 804
S.W.2d at 518 (same); Langston v. State, 800 S.W.2d 553, 555 (same). 
Although the court of criminal appeals has not addressed the due diligence
issue based on an oral motion, we hold that the defendant was entitled to make
such a motion during the revocation hearing and to have that motion preserved
for our review to the same extent as if he had filed a written motion.  See
Smith v. State, 120 S.W.3d 910, 911–12 (Tex. App.—Texarkana 2003, no pet.)
(citing Peacock v. State, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002))
(“The issue of the lack of due diligence is a defense that the defendant must
raise before or during the revocation hearing.” (emphasis added)). 

In
response to Garcia’s argument at the hearing, the State did not provide any
reason why the warrant was not served during Garcia’s period of incarceration,
nor did it provide any evidence that the State had engaged in any activities
whatsoever to bring Garcia before the court.  See Brecheisen, 4 S.W.3d at 763–65 (dismissing a motion to revoke
because “the State ‘wholly failed’ to meet its burden to show that it
exercised due diligence in executing the capias and apprehending the
appellant”).  Therefore, the trial court abused its discretion in failing to
dismiss the motion to revoke, and we sustain Garcia’s sole issue on appeal.

IV. 
Conclusion

Because
we hold that the trial court erred in failing to dismiss the State's motion to
revoke, we reverse the judgment and remand the case to the trial court with
directions to dismiss the motion to revoke probation.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

14th day of July, 2011. 

 









[1] Generally, a "plea of true, standing alone, is sufficient to
support the revocation of probation." Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. [Panel Op.] 1979).  However, if a defendant raises a
defensive plea in bar, the State must additionally provide supporting evidence
to meet its burden of proof on the defensive issue.  See Brecheisen v. State, 4 S.W.3d 761, 763–65 (Tex. Crim. App. 1999)
(describing the state’s additional burden when a defensive issue is raised and
likening the defendant’s ability to seek review of his due diligence claim to
that under the Sixth Amendment right to a speedy trial).