Kathleen E. BRECHEISEN, Appellant,

v.

The STATE of Texas.

No. 0452–98.

Court of Criminal Appeals of Texas, En Banc.

Oct. 27, 1999.

---

Joseph F. Zellmer, Denton, for appellant.

Yolanda M. Joosten, Assist. DA, Denton, Matthew Paul, State's Atty., Austin, for the State.

WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND, JOHNSON, and KEASLER, JJ., joined.

The issue in this case is the application of a harmless-error analysis to the denial of a motion to dismiss a probation-revocation proceeding when the State did not use due diligence in executing the capias. We hold that the Court of Appeals did not properly apply such an analysis, and we reverse its judgment.

■ Two requirements must be met for a trial court to acquire jurisdiction to revoke probation. The State must file with the trial court, before the expiration of the probationary period, a motion to revoke probation that alleges the probationer violated the terms of the probation judgment. *Guillot v. State,* 543 S.W.2d 650, 652 (Tex. Cr.App.1976). The trial court must then, before the expiration of the probationary period, issue a capias based upon this motion that orders the arrest of the probationer. *Id.*

■ In addition to these jurisdictional requirements, the court is required to use due diligence in hearing and determining the allegations in the revocation motion. *Harris v. State,* 843 S.W.2d 34, 34 (Tex.Cr. App.1992). The State is also required to use due diligence in executing the capias that results from the motion to revoke. *Id.* In *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Cr.App.1999) (quoting *Harris v. State,* 843 S.W.2d 34, 35 n. 1 (Tex.Cr.App. 1992)), we disavowed previous opinions in which we held the requirement of due diligence to be a third jurisdictional element of probation revocations. The lack of due diligence is a plea in bar or defense, which must be raised by a defendant at the revocation hearing. *Id.*

■ This defense, however, is not an affirmative defense. *Rodriguez v. State,* 804 S.W.2d 516, 519 (Tex.Cr.App.1991). Once the defendant meets the burden of production by raising the due-diligence issue at the revocation hearing, the State incurs the burden of persuasion to show that it exercised due diligence. *Id.; Langston v. State,* 800 S.W.2d 553, 555 (Tex.Cr. App.1990).

In this case, on September 12, 1991, the trial court suspended imposition of the appellant's sentence for DWI and placed her on probation for two years. The State filed a motion to revoke on March 31, 1992, and on April 16, 1992, the trial court issued a capias for the appellant's arrest. But not until October 4, 1993, did the State serve the capias on the appellant. During most of the interim between the issuance of the capias and the service of it, the appellant had been in custody in other counties of Texas on new charges, of which her probation officer was aware. The probation office had made one telephone call to the appellant, which went unanswered, but otherwise did little to attempt to locate her.

The appellant filed a motion to dismiss the probation-revocation motion, arguing a lack of due diligence by the State in executing the capias. She urged her motion at the revocation hearing. The trial court denied her motion and revoked her probation, but gave her credit on her sentence for the time she was confined in the jails of other counties while her capias was outstanding.

The Court of Appeals found that the State "wholly failed" to meet its burden to show that it exercised due diligence in executing the capias and apprehending the appellant, but it affirmed the trial court's

judgment by applying a harmless-error analysis.

> We understand existing case law does not provide for harmless error analysis of a trial court's failure to grant a motion to dismiss a motion to revoke for lack of due diligence in executing a revocation arrest warrant. However, under the facts of this case, reason and fairness compel our decision to utilize harmless error analysis.

*Brecheisen v. State,* 958 S.W.2d 490, 492 (Tex.App.—Fort Worth 1997). The court first said, "Harm is presumed, and in this case, it is clear." *Ibid.* It found that the harm to the appellant was "denial of credit for the time she was in custody" in the other counties, and the "loss of a potential windfall" which should would have reaped from a dismissal. *Id.* at 492–93. Because the trial court had granted the appellant credit for the time she was in custody, the appellant had been "ma[d]e whole," and the error "did not contribute to the conviction or punishment. Nor did it deprive Appellant of a substantial right." *Id.* at 493.[1] We granted discretionary review.

■ The Court of Appeals' conclusion is wrong on its face under either standard for reversible error found in Tex.R.App. Proc. 44.2(a) & (b).[2] Not only did the trial court's error in denying the motion to dismiss "contribute to the conviction or pun-ishment," it was essential to them. *See* Tex.R.App. P. Rule 44.2(a). And it cannot be said that a defendant's substantial rights were not affected by the failure to give effect to a complete defense to prosecution. *See* Tex.R.App. P. Rule 44.2(b). So long as the State's failure to exercise due diligence is a defense to revocation,[3] the erroneous failure to give effect to the defense cannot be said to be harmless.

■ The harm from reversible errors that would bar a retrial is plain: the appellant would be free if not for the error. The standard remedy for reversible error is to provide the appellant with a new proceeding that is free from the error that required reversal. Because the outcome of the appellant's probation-revocation proceeding depended upon the trial court's ruling on due diligence, this remedy is not practical. A new proceeding without the error would result in the appellant's release from her probation.

■ The United States Supreme Court took this view of the remedy for errors that would bar retrial after reversal on appeal, in a case that is similar to ours. In *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), the defendant was confined in a state prison when he confessed to a federal officer that he was guilty of a federal offense. When

---

1. Here the Court of Appeals adverted to standards for reversible error of both constitutional and non-constitutional dimension, which are found in Tex.R.App. Proc. 44.2(a) & (b). The Court said earlier in its opinion that due process required State to exercise due diligence in executing an arrest warrant; an opinion of a federal district court was cited as authority. *Id.* at 492. To resolve this case, it is not necessary to decide whether due process requires such due diligence.

2. Rule 44.2(a) & (b) provide:
(a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
(b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

3. *See Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Cr.App.1999) (Keller, J., concurring) (arguing that the jurisprudence concerning the due-diligence defense is of questionable justification); *Rodriquez v. State,* 992 S.W.2d 483, 484 (Tex.Cr.App.1999) (Mansfield, J., concurring) (arguing that the due-diligence defense has no statutory basis). The State makes no claim that the due-diligence requirement should not be applied in this case.

the government failed to prosecute him for ten months, he was denied the speedy trial which is required by the Sixth Amendment. The court of appeals attempted to cure the error by giving Strunk credit against his sentence for the time during which he had been denied a speedy trial. The Supreme Court reversed, holding that the "only possible remedy" for a violation of the Sixth Amendment right to a speedy trial is dismissal. *Id.* at 440, 93 S.Ct. 2260. The Court distinguished a speedy-trial violation from violations of other Sixth Amendment rights that could be remedied by providing those rights at a new hearing.[4] The Court reasoned that "by definition" a speedy-trial violation could not be remedied through a retrial without the violation. *See id.* at 438–39, 93 S.Ct. 2260. Similarly, a failure to dismiss a probation-revocation proceeding when the State has failed to show due diligence cannot be remedied by a new hearing that would permit the defense.

Because we hold that the Court of Appeals erred in finding that the trial court's failure to dismiss the State's motion to revoke was harmless error, we reverse the judgments of the Court of Appeals and the trial court, and remand the case to the trial court with directions to dismiss the motion to revoke probation.

Reversed and remanded.

KELLER, J., filed a concurring opinion in which McCORMICK, P.J., and MANSFIELD, J., joined.

KELLER, J., delivered a concurring opinion in which McCORMICK, P.J. and MANSFIELD, J., joined.

In *Connolly v. State,* 983 S.W.2d 738 (Tex.Crim.App.1999), we did not address the issue of whether the State is required to exercise due diligence in pursuing a motion to revoke probation. That case concerned only whether the defendant could, on appeal from the revocation of deferred adjudication, complain of the sufficiency of the evidence of the so-called defense. *Id.* at 741. We held that no appeal lies from the district court's decision on that matter. *Id.* at 741.

This case also does not raise the issue of whether lack of due diligence is a valid defense to revocation. Whether the lack of due diligence constitutes a legitimate defense to revocation is an issue that deserves consideration in an appropriate case. *Id.* at 741 (Keller, J. concurring). I concur in the Court's judgment.

---

4. The Court listed failure to afford a public trial, an impartial jury, notice of charges, or compulsory process as violations of the Sixth Amendment that could be remedied by providing those rights at a new trial. *Strunk,* 412 U.S. at 439, 93 S.Ct. 2260.