NUMBERS 13-99-442-CR and 13-99-443-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SAMUEL AREVALO, A/K/A SAM GONZALEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Rodriguez and Kennedy(1)


Opinion by Justice Kennedy


 Appellant pleaded guilty before the court to credit card abuse and
forgery. The court deferred adjudication and placed him on probation
for five years. The original hearing before the trial court occurred on
May 18, 1992.

 On February 17, 1994, the guilt of appellant was adjudicated and
punishment was assessed at confinement for five years, however, the
imposition of sentence was suspended and he was placed on probation
for five years. On April 19, 1995 the state filed motions in both cases
to revoke probation, alleging failure to report to his probation officer,
failure to pay court costs or restitution, and failure to attend meetings
of Alcoholics Anonymous. The probation officer testified that warrants
were issued from the motions that were filed, however, these motions
were not heard until June 9, 1999. The court revoked appellant's
probation in both cases which resulted in this appeal.

 The testimony of appellant at the hearing to revoke was at odds
with the state's testimony in some respects. It is undisputed that
appellant left Texas to go to Colorado to work. What is disputed was
whether appellant had permission from his probation officer to go to
Colorado and whether he left a phone number with the probation
department. The court found against appellant and revoked his
probation.

 Appellant's one point of error alleges that the state failed to use
due diligence to apprehend him. He cites the gap of four years from the
filing of motions to revoke and his arrest.

 In Brecheisen v. State, 4 S.W.3d 761 (Tex. Crim. App. 1999) the
court of criminal appeals said (citations omitted throughout):

 Two requirements must be met for a trial court to acquire
jurisdiction to revoke probation. The State must file with the
trial court, before the expiration of the probationary period,
a motion to revoke probation that alleges the probationer
violated the terms of the probation judgment. The trial court
must then, before the expiration of the probationary period,
issue a capias based upon this motion that orders the arrest
of the probationer.


 In addition to these jurisdictional requirements, the court is
required to use due diligence in hearing and determining the
allegations in the revocation motion. The State is also
required to use due diligence in executing the capias that
results from the motion to revoke.


Also:


 The lack of due diligence is a plea in bar or defense, which
must be raised by a defendant at the revocation hearing. 


 This defense, however, is not an affirmative defense. Once
the defendant meets the burden of production by raising the
due-diligence issue at the revocation hearing, the State
incurs the burden of persuasion to show that it exercised
due diligence.


Brecheisen, 4 S.W.3d at 763.


 As the state admits in its brief: "However, though [appellant] never
unequivocally stated that he was challenging due diligence, his counsel
did present evidence from defense witnesses calling into question the
state's efforts to locate [appellant]." We leave for a moment the
question of whether appellant sufficiently raised the issue of due
diligence in order to examine the state's evidence to show whether, in
fact, it used due diligence in serving the capias.

 At the hearing on the motion to revoke, appellant testified that he
asked his probation officer for permission to move to Colorado but that
the officer denied such permission. He moved to Colorado anyway and
claimed he tried, but failed, to phone his probation officer. He also
admitted using several aliases while in Colorado. Appellant testified
that when he heard of the outstanding capias he returned to Texas.

 In addition, appellant's mother testified that appellant lived with
her before he went to Colorado. She said he did not receive any calls
or letters from the probation department. She also testified that no one
from law enforcement, the district attorney's office, the court, or the
probation department made any efforts to communicate with her to try
to find appellant.

 The state countered with appellant's probation officer who
testified that after appellant stopped reporting she called the phone
numbers appellant had provided her but was unable to find him. She
also checked the addresses he had left with her through the "criss-cross" with no result. She said she made yearly searches by running
his name through the National Crime Information Center with no
results. She denied that appellant had told her about moving to
Colorado.

 A sheriff's deputy testified that after receiving the capias he (1)
tried to locate appellant by contacting his stepfather who told him
appellant was living on the streets, (2) ran appellant's name through the
Texas Crime Information Center, and (3) put appellant's name and
picture in the local (Corpus Christi) newspaper in its "Top 10" wanted
list, all to no avail.

 Appellant did not file anything in the record to indicate that he was
claiming due diligence as a plea in bar or defense to the motion to
revoke. Nor did he announce anything of this nature at the hearing on
the motion in so many words. He pleaded "not true" to each allegation
in the motion to revoke and, after the state had rested its evidence,
offered the testimony hereinbefore summarized. Following appellant's
evidence, the state called a rebuttal witnesses (the officer who
attempted to serve the capias) to further show due diligence.

 We hold that appellant did not properly raise due diligence as a
plea in bar or defense. The trial court is entitled to more notice of what
it is to rule on than what was given here. In addition, we hold that the
court heard enough evidence to justify his denial of appellant's claim of
lack of due diligence, even if it had been properly raised. We overrule
appellant's one point of error and AFFIRM the judgment of the trial
court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 19th day of October, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).