Oscar TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–588–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 14, 2000.

Rehearing Overruled March 8, 2001.

Leslie Werner De Soliz, Victoria, for appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

Opinion by Justice YAÑEZ.

Appellant, Oscar Torres, Jr., appeals the revocation of his community supervision. We reverse and remand.

Torres was convicted of delivery of marijuana on June 22, 1992 and was sentenced

to seven years confinement, probated for seven years. The State filed a motion to revoke Torres's community supervision on April 22, 1999, and issued a warrant for his arrest on April 26, 1999. Torres was not served with the warrant until August 3, 1999. Following a hearing, at which Torres had a court-appointed attorney, Torres's community supervision was revoked and he was assessed punishment of seven years confinement. Torres filed a motion for new trial, which was denied following a hearing.

Torres brings two issues to this Court. With his first issue, Torres argues that the trial court abused its discretion by not granting him a new trial. With his second issue, Torres contends that his trial counsel was so ineffective as to violate his constitutional right to counsel.

■ To determine if a trial counsel's representation was ineffective to the point that it violated a defendant's Sixth Amendment right to counsel, we apply the two-part test set out by the United States Supreme Court. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the defendant suffered harm as a result of his counsel's inadequate performance. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The appellant must show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *Id.; Holland v. State*, 761 S.W.2d 307, 314 (Tex.Crim.App.1988). In this context, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Thompson*, 9 S.W.3d at 812; *Hernandez*, 726 S.W.2d at 55. The purpose of this inquiry is to determine if the trial counsel's errors undermined the proper functioning of the adversarial process to the point that the trial cannot be relied on

to have produced a reliable result. *Thompson*, 9 S.W.3d at 812. There is a strong presumption that the trial counsel provided effective assistance. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991).

Torres contends that trial counsel was ineffective because he failed to raise, as a defense to the revocation, the failure of the State to exercise due diligence in executing the capias that resulted from the motion to revoke.

■ Under Texas law, there are two requirements that must be met for a trial court to acquire jurisdiction to revoke community supervision.

> The State must file with the trial court, before the expiration date of the probationary period, a motion to revoke probation that alleges the probationer violated the terms of the probation judgment. The trial court must then, before the expiration of the probationary period, issue a capias based on this motion that orders the arrest of the probationer.

*Brecheisen v. State*, 4 S.W.3d 761, 763 (Tex.Crim.App.1999) (citations omitted). The State is further required to exercise due diligence in executing the capias issued on the motion to revoke. *Id.*

■ The failure of the State to exercise due diligence is a plea in bar or defense, which must be raised by a defendant at the revocation hearing. *Id.* This is not an affirmative defense; however, once the defense raises the due-diligence issue at the hearing, the State incurs the burden of persuasion to show the exercise of due diligence. *Id.*

■ In the case now before this Court, ample evidence was developed at the hearing on Torres's motion for new trial that Torres had a legitimate claim that the State failed to exercise due diligence in serving him with the capias on the motion

to revoke.[1] At the hearing on his motion for new trial, Torres testified that he had lived at 5810 Glen Arbor, Corpus Christi, from January of 1999 until his arrest and his probation officer had the address. Torres further stated that he worked in Alice, Texas, and he had informed the probation officer of the address of that job. Evidence introduced at the hearing showed that the water and electricity bills for 5810 Glen Arbor were in Torres's name. The State did not controvert any of this evidence. Torres testified that prior to the capias being issued, he was told by a probation officer that the probation office was considering revoking his community supervision. Torres stated that at that point he feared a warrant would issue and he started "running;" however Torres's "running" apparently consisted of simply not reporting to his probation officer. Torres and his mother both testified that Torres was never informed that a warrant had actually issued. His mother also confirmed that he lived at 5810 Glen Arbor.

The evidence indicates that the only action taken by the State, other then putting the record of the arrest warrant into the State database, was to send an officer to 5810 Glen Arbor on May 5, 1999. The officer found no one at the residence. There is no evidence in the record as to the time of day when the officer visited. Ultimately, Torres was arrested when a car, in which he was a passenger, was stopped and his identification was checked.

Based on the evidence before this Court, Torres had a valid defense against the revocation of his community supervision. Torres's trial counsel erred by not raising the question of due diligence. If raised, the State would have been required to show due diligence, and the evidence before this court strongly indicates that the State would have been unsuccessful. The inability of the State to show due diligence would have required dismissal of the motion to revoke. *Langston v. State*, 800

S.W.2d 553, 555 (Tex.Crim.App.1990). Torres's trial counsel failed to raise a defense which would have prevented Torres's conviction. The failure to raise the question of due diligence is such a serious error that by failing to raise this question Torres's trial counsel's performance fell below an objective standard of reasonableness. Further, there is a reasonable probability that, but for this error, the outcome of the hearing on the motion to revoke would have been different. Issue number two is sustained.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new hearing on the motion to revoke community supervision.

---

1. Torres's attorney for both the motion for new trial and this appeal is not the same attorney who represented Torres at the hearing on the motion to revoke.