# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00646-CR

**Jack Clifford Carter, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 90-044-K277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jack Clifford Carter appeals his conviction for burglary of a habitation. He complains that the district court erred by failing to dismiss the State's motion to set aside the deferral of adjudication for this offense because too much time passed between the State's filing of the motion and the court's hearing of the motion. We affirm the judgment.

## BACKGROUND

In 1990, the grand jury indicted Carter on three counts of burglary of a habitation. The indictment states that Carter, while in possession of a firearm, entered a house intending to commit murder and aggravated assault, and that he attempted to commit and did commit aggravated assault. On October 16, 1990, Carter pleaded guilty to burglary of a habitation. The court deferred adjudication, placing him on community supervision for ten years.

On February 4, 2000, the State moved to adjudicate on the burglary offense, alleging that Carter violated his probation by committing a new offense in Travis County by causing bodily injury to Albert Chapman Woods on November 18, 1999, and by causing Woods's death on January 31, 2000; at the hearing, the State abandoned the murder allegation at the adjudication phase of the hearing. The State also alleged that Carter failed to pay his probation supervision fee for the last four months of 1999 and failed to perform the requisite amount of community service. The court issued an arrest warrant on February 7, 2000, and the officer's return indicates that he arrested Carter at the Travis County Sheriff's Office on September 7, 2000. There are subsequent requests for bench warrants in early 2002, but no hearings; the court stated on the record in the hearing on the motion to adjudicate that those earlier hearings were reset due to Carter's counsel's scheduling conflicts.

On September 16, 2002, Carter filed a motion to dismiss the State's motion to adjudicate. He alleged that he had been in custody since February 2000, that he had requested no continuances, that his trial on the Travis County offenses ended in October 2001, and that he had been in Williamson County jail awaiting a hearing on the motion to adjudicate since that trial. Carter filed additional motions asserting other challenges to the State's motion; because those grounds are not urged on appeal, we need not discuss them here.

The court heard the motion to adjudicate on September 23, 2002. Carter pled "not true" to the alleged violations of the deferred adjudication order. The court found that the allegations were true and sentenced Carter to life in prison, with the sentence to be served consecutively to his term of life imprisonment for the Travis County offenses.

2

**DISCUSSION**

By his sole issue on appeal, Carter contends that the court should have dismissed the motion to adjudicate because the State failed to show due diligence in seeking a hearing and determination of the allegations in the State's motion.

A court may consider a motion to revoke probation beyond the end of the probation, provided that a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion. *Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002). A lack of diligence is not a jurisdictional issue, but is a plea in bar or defense. *Brecheisen v State*, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). Once the probationer raises the issue, the State must show due diligence by a preponderance of the evidence. *Peacock*, 77 S.W.3d at 288. Carter complains that the State made no showing of diligence in obtaining a hearing.

Diligence in holding a hearing is the only issue Carter disputes. The State filed the motion to adjudicate, obtained the arrest warrant, and arrested Carter before the community supervision term expired in October 2000. The only reference to the diligence issue at the hearing on the motion to adjudicate is the statement that the court had earlier denied Carter's motion to dismiss.

The requirement of diligence in holding the hearing is derived from the right to a speedy trial. *Wade v. State*, 83 S.W.3d 835, 837 (Tex. App.—Texarkana 2002, no pet.) (citing *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978)). We examine factors such as (1) the

3

length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant resulting from the delay. *Carney*, 573 S.W.2d at 26-27. Although we cannot apply harmless-error analysis to a court's failure to dismiss a motion to revoke when the State is not diligent in executing the arrest warrant,[1] we must consider whether Carter was harmed by any delay when considering whether the State was duly diligent in obtaining a hearing.

More than thirty-one months passed between the filing of the motion and the hearing—just over twenty-four of which passed between the arrest and the hearing. Carter was apparently in jail for the entire time. The reason for the full time lapse is not clear, although trial was held in October 2001 on one of the offenses alleged as grounds for revocation. Also, the court stated that the hearing had been reset to accommodate Carter's counsel's schedule.

The record indicates that Carter first complained to the court about the delay on September 16, 2002—one week before the hearing was actually held. The record reveals no prejudice to Carter resulting from the lapse of time. The bases of the State's motion to set aside his probation—his failures to pay fees or perform community service and his commission of other offenses—were unchanged by the passage of time. There is no indication that his ability to defend himself from those allegations was affected by the passage of time. In fact, he defended himself against the allegations, and the State withdrew the murder allegation at the adjudication phase. Carter was not held solely pending hearing in this cause; he was in jail because of the murder charge in Travis County. He received credit against his sentence for the time served while waiting for this hearing.

---

[1] *Brecheisen v. State*, 4 S.W.3d 761, 764-65 (Tex. Crim. App. 1999).

The record reveals that, on the facts of this case, the court did not err by concluding that the State was duly diligent in seeking a hearing on its motion to adjudicate. Carter did not press for an earlier hearing, and the record fails to demonstrate that he was prejudiced by the failure to hold the hearing earlier.

## CONCLUSION

We affirm the judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed: August 14, 2003

Do Not Publish

5