TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00646-CR






Jack Clifford Carter, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 90-044-K277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 Jack Clifford Carter appeals his conviction for burglary of a habitation. He complains
that the district court erred by failing to dismiss the State's motion to set aside the deferral of
adjudication for this offense because too much time passed between the State's filing of the motion
and the court's hearing of the motion. We affirm the judgment.


BACKGROUND


 In 1990, the grand jury indicted Carter on three counts of burglary of a habitation. 
The indictment states that Carter, while in possession of a firearm, entered a house intending to
commit murder and aggravated assault, and that he attempted to commit and did commit aggravated
assault. On October 16, 1990, Carter pleaded guilty to burglary of a habitation. The court deferred
adjudication, placing him on community supervision for ten years.

 On February 4, 2000, the State moved to adjudicate on the burglary offense, alleging
that Carter violated his probation by committing a new offense in Travis County by causing bodily
injury to Albert Chapman Woods on November 18, 1999, and by causing Woods's death on January
31, 2000; at the hearing, the State abandoned the murder allegation at the adjudication phase of the
hearing. The State also alleged that Carter failed to pay his probation supervision fee for the last four
months of 1999 and failed to perform the requisite amount of community service. The court issued
an arrest warrant on February 7, 2000, and the officer's return indicates that he arrested Carter at the
Travis County Sheriff's Office on September 7, 2000. There are subsequent requests for bench
warrants in early 2002, but no hearings; the court stated on the record in the hearing on the motion
to adjudicate that those earlier hearings were reset due to Carter's counsel's scheduling conflicts.

 On September 16, 2002, Carter filed a motion to dismiss the State's motion to
adjudicate. He alleged that he had been in custody since February 2000, that he had requested no
continuances, that his trial on the Travis County offenses ended in October 2001, and that he had
been in Williamson County jail awaiting a hearing on the motion to adjudicate since that trial. Carter
filed additional motions asserting other challenges to the State's motion; because those grounds are
not urged on appeal, we need not discuss them here.

 The court heard the motion to adjudicate on September 23, 2002. Carter pled "not
true" to the alleged violations of the deferred adjudication order. The court found that the allegations
were true and sentenced Carter to life in prison, with the sentence to be served consecutively to his
term of life imprisonment for the Travis County offenses.



DISCUSSION


 By his sole issue on appeal, Carter contends that the court should have dismissed the
motion to adjudicate because the State failed to show due diligence in seeking a hearing and
determination of the allegations in the State's motion. 

 A court may consider a motion to revoke probation beyond the end of the probation,
provided that a motion alleging a violation of probationary terms is filed and a capias or arrest
warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the
probationer and to hear and determine the allegations in the motion. Peacock v. State, 77 S.W.3d
285, 287 (Tex. Crim. App. 2002). A lack of diligence is not a jurisdictional issue, but is a plea in
bar or defense. Brecheisen v State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). Once the
probationer raises the issue, the State must show due diligence by a preponderance of the evidence. 
Peacock, 77 S.W.3d at 288. Carter complains that the State made no showing of diligence in
obtaining a hearing.

 Diligence in holding a hearing is the only issue Carter disputes. The State filed the
motion to adjudicate, obtained the arrest warrant, and arrested Carter before the community
supervision term expired in October 2000. The only reference to the diligence issue at the hearing
on the motion to adjudicate is the statement that the court had earlier denied Carter's motion to
dismiss.

 The requirement of diligence in holding the hearing is derived from the right to a
speedy trial. Wade v. State, 83 S.W.3d 835, 837 (Tex. App.--Texarkana 2002, no pet.) (citing
Carney v. State, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978)). We examine factors such as (1) the
length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; 
and (4) the prejudice to the defendant resulting from the delay. Carney, 573 S.W.2d at 26-27. 
Although we cannot apply harmless-error analysis to a court's failure to dismiss a motion to revoke
when the State is not diligent in executing the arrest warrant, (1) we must consider whether Carter was
harmed by any delay when considering whether the State was duly diligent in obtaining a hearing.

 More than thirty-one months passed between the filing of the motion and the
hearing--just over twenty-four of which passed between the arrest and the hearing. Carter was
apparently in jail for the entire time. The reason for the full time lapse is not clear, although trial was
held in October 2001 on one of the offenses alleged as grounds for revocation. Also, the court stated
that the hearing had been reset to accommodate Carter's counsel's schedule.

 The record indicates that Carter first complained to the court about the delay on
September 16, 2002--one week before the hearing was actually held. The record reveals no
prejudice to Carter resulting from the lapse of time. The bases of the State's motion to set aside his
probation--his failures to pay fees or perform community service and his commission of other
offenses--were unchanged by the passage of time. There is no indication that his ability to defend
himself from those allegations was affected by the passage of time. In fact, he defended himself
against the allegations, and the State withdrew the murder allegation at the adjudication phase. 
Carter was not held solely pending hearing in this cause; he was in jail because of the murder charge
in Travis County. He received credit against his sentence for the time served while waiting for this
hearing.

 The record reveals that, on the facts of this case, the court did not err by concluding
that the State was duly diligent in seeking a hearing on its motion to adjudicate. Carter did not press
for an earlier hearing, and the record fails to demonstrate that he was prejudiced by the failure to hold
the hearing earlier.


CONCLUSION


 We affirm the judgment.



 Jan P. Patterson, Justice


Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed: August 14, 2003

Do Not Publish
1. Brecheisen v. State, 4 S.W.3d 761, 764-65 (Tex. Crim. App. 1999).