**Kirby Neal SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–02–00456–CR.**

Court of Appeals of Texas, El Paso.

July 8, 2004.

Rick Navarrete, Midland, for Appellant.

Michael L. Fostel, Kermit, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant, Kirby Neal Smith, appeals the revocation of his community supervision and brings one issue on appeal: whether the trial court abused its discretion in revoking his probation outside the community supervision period because of a lack of due diligence to apprehend Appellant. We affirm.

On October 29, 1992, Appellant pled guilty to the offense of burglary of a habitation. The trial court sentenced him to an eight-year probated sentence. A motion to revoke was filed in November 1996, and on January 6, 1997, the trial court entered an order slightly modifying Appellant's probation conditions. In October 2000, a second motion to revoke was filed and the trial court once again modified the terms of his supervision and extended the probation until October 29, 2001.

The State filed a third motion to revoke Appellant's community supervision on October 17, 2001. Two days later, the trial court issued a capias for Appellant's arrest. Appellant was arrested about three months later, on January 10, 2002, but a hearing on the motion to revoke was not held until September 15, 2002. Appellant pled true to two violations and not true to the remaining alleged violated conditions; however, he raised a due diligence defense limited to the execution of the capias. The trial judge found that Appellant had violated the terms of his community supervision as alleged and revoked his supervision. Appellant was sentenced to eight years' confinement.

■■■ If both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, and there is due diligence to apprehend the probationer and to hear and determine the allegations in the motion, the trial court's jurisdiction continues. *Peacock v. State,* 77 S.W.3d 285, 287 (Tex.Crim.App.2002). Once the defendant meets the burden of production by raising the due-diligence issue at the revocation hearing, the State incurs the burden of persuasion to show that it exercised due diligence. *Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex.Crim.App.1999). Due diligence is not an affirmative defense, meaning that, once the defendant raises the due diligence issue, the state incurs the burden of persuasion to show, by a preponderance of the evidence, it used due diligence in executing the warrant *and in holding a hearing on the motion to revoke.*

*Peacock,* 77 S.W.3d at 288; *Brecheisen,* 4 S.W.3d at 763.

At the hearing, Appellant claimed a lack of due diligence only as to the time span between the issuance of the capias and Appellant's apprehension. He never raised any issue regarding the almost one-year passage between the near simultaneous issuance of the capias and expiration of his probationary period, and the hearing on the motion to revoke. The record before us is inexplicably silent about that delay and was therefore not properly raised.

At the hearing, the only witness presented by the State was Mr. John Farmer, Appellant's probation officer. Mr. Farmer first testified on direct examination that he was made aware on September 25, 2001, that Appellant had been released from the Mental Health and Retardation ("MHMR") hospital in Big Springs, Texas to Del Rio, Texas. On cross-examination, Mr. Farmer conceded to defense counsel that he was contacted by MHMR with this information on September 13, 2001. He provided the Crane County Sheriff's Department with the information regarding Appellant's whereabouts. The warrant for Appellant's arrest was sent by the Crane County Sheriff's Department to the Val Verde County Sheriff's Department. Mr. Farmer testified that he left it up to the Sheriff's Department in Del Rio to arrest the Appellant. He also testified that he never personally contacted the Val Verde Sheriff's Department nor the Del Rio Police Department about this matter. He did not send Appellant a letter because he did not have Appellant's address nor did he list Appellant as an absconder. Mr. Farmer testified that the only action he took to locate the Appellant was talk to MHMR in September and he made two phone calls. Both calls were to a neighbor of Appellant's mother; the first was made on September 17, 2001 and the second on October 23, 2001. No explanation was offered about how he had the neighbor's phone number.

Appellant also testified on his own behalf. He stated that he was receiving treatment at MHMR for a drug overdose and for bipolar disorder. During his stay at MHMR, Appellant testified that he did not contact Mr. Farmer because he was told by a caseworker that he could not notify anyone, so he signed a paper releasing all his information to Mr. Farmer. Furthermore, the MHMR's caseworkers told Appellant that he had been declared mentally ill and did not have any rights to anything. Appellant also testified that the reason he was released to Del Rio, Texas was because MHMR required him to have a place to live in the location where he would be released, otherwise he could not be released. The only location he had to live was at his mother's home in Del Rio, Texas. He also testified that his mother had told him Mr. Farmer had contacted her and that she had informed Mr. Farmer that Appellant was living with her. Appellant stated that at least Mr. Farmer had the number to where he was living. Appellant was also aware that a warrant for his arrest had been issued, but he testified that no State authority had attempted to arrest him. On the day he was arrested, Appellant testified that he was in Crane County at his aunt's house. Appellant stated that he and his mother had gone to Crane County for the purpose of turning himself in, but that first, they had stopped at his aunt's house to drop-off some things. Without him knowing, his aunt called the police which arrived shortly after and arrested him. Appellant stated that when the police arrived, he made no attempt to run. Appellant testified that he knew he needed to notify Mr. Farmer as to his whereabouts, but that he did not do so

because he believed MHMR had taken care of that matter.

While the actions of the State were only nominal, Mr. Farmer did provide the Crane County Sheriff's Department with Appellant's whereabouts and he did make two phone calls to Del Rio in attempt to contact the Appellant. On the other hand, the Appellant knew that there was a warrant for his arrest, and though he claimed that he went to Crane to surrender himself, he was arrested when his Aunt turned him in. Given the relatively short period of time between the issuance of the capias and his apprehension, some effort by the State in locating and apprehending Appellant, and Appellant's awareness that the State was looking for him, we conclude that the State satisfied its burden by a preponderance of the evidence.

We overrule Issue One and affirm the judgment of the trial court.