NUMBER 13-03-00495-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

PHILLIP BERNARD JACKSON,                                                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 105th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Pursuant to a plea agreement, appellant, Phillip
Bernard Jackson, pleaded guilty on September 11, 2000, to  the offense of aggravated assault.  In accordance with the plea agreement, the
trial court deferred the adjudication of guilt, assessed a fine of $250, and
placed appellant on community supervision for a term of five years. 








On February 17, 2003, the State filed a motion to
revoke appellant=s deferred adjudication community supervision.  The State subsequently filed amended motions
to revoke on March 6, 2003, March 27, 2003, April 28, 2003, and May 23,
2003.  On July 24, 2003, after
considering the motion and hearing the evidence presented, the trial court (1)
found that appellant had violated the conditions of his community supervision,
(2) revoked his community supervision, (3) adjudicated him guilty of the
offense of aggravated assault, and (4) assessed his punishment at twelve years= imprisonment. 
The trial court has certified that this is not a plea-bargain case and
appellant has the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  In a
single point of error, appellant contends the trial court lacked jurisdiction
to act on the State=s fourth amended motion to revoke his community
supervision because the court did not sign and enter a capias after the motion
was filed by the State.  We affirm.

The issues of law presented by this case are well
settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts in this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

Appellant argues that two requirements must be met
for a trial court to acquire jurisdiction to revoke probation: (1) the State
must file a motion to revoke prior to the expiration of the probationary period;
and (2) the trial court must issue a capias based upon this motion, ordering
the arrest of the probationer before the expiration of the probationary
period.  In support of his argument,
appellant cites Brecheisen v. State, 4 S.W.3d 761 (Tex. Crim. App. 1998)
(citing Guillot v. State, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976).








The cases cited by appellant refer to timely-filed
motions to revoke probation beyond the probationary period.  The record shows that this was not the
situation in this case.  Appellant was
within the period of community supervision when the amended motion to revoke
probation was filed and heard.

The applicable statute states that revocation
proceedings may commence without a warrant during the period of community
supervision:

At any time during the period of community
supervision the judge may issue a warrant for violation of any of the
conditions of the community supervision and cause the defendant to be
arrested.  Any supervision officer,
police officer or other officer with the power of arrest may arrest such
defendant with or without a warrant upon the order of the judge to be
noted on the docket of the court.

 

Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(b) (Vernon Supp. 2004-05) (emphasis added).  Because the record reflects that the
revocation occurred within the period of community supervision, an arrest
warrant, or capias, was not required.[1]


The judgment of the trial court is affirmed.   

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1] The record indicates that a capias was in fact issued in the present case.  It was labeled an Aarrest warrant,@ rather than a Acapias,@ but satisfies the statutory
requirements for a capias.  See Tex. Code Crim. Proc. Ann. art. 23.02
(Vernon 1989).  See also Rodriguez v. State, 804 S.W.2d
516, 517 (Tex. Crim. App. 1991) (concluding that Aas long as the revocation motion
was filed and the capias or arrest warrant issued before the expiration
of the appellant's probationary term, the hearing conducted shortly after his
arrest was proper@); Ballard v.
State, 33 S.W.3d
463, 466 (Tex. App.BHouston [1st Dist.] 2000, pet. ref=d) (citing Harris v. State,
843 S.W.2d 34, 35 & n.1 (Tex. Crim. App. 1990) (noting decisions holding
that a trial court retained jurisdiction to revoke probation where, among other
situations, Aa capias or arrest warrant issued
prior to expiration of the [probation] period@).