

NUMBER 13-10-00284-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**VICTOR MARTINEZ GARCIA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Victor Martinez Garcia, pleaded true to allegations in the State's motion to revoke his probation. The trial court ordered his probation revoked, sentenced him to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and ordered him to pay a $1,000 fine. By one issue, Garcia contends

that the trial court abused its discretion by not dismissing the case for lack of prosecutorial diligence in pursuing the revocation. We reverse and remand.

## I. BACKGROUND

Garcia was indicted for the offense of third-degree felony possession of a controlled substance on July 12, 2002. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). He entered into a plea agreement with the State, pleaded guilty, and the trial court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000.00 fine. In accordance with his plea agreement, the punishment was probated for a term of five years beginning on May 1, 2003.

On January 19, 2006, the State filed a motion to revoke Garcia's probation alleging that Garcia withdrew from a treatment facility without written release from the court and failed to report a change of address within two working days. The trial court executed a warrant for Garcia's arrest the same day.

On May 1, 2008, when Garcia's probation would have expired, he had still not been served capias on the motion to revoke and the State had taken no additional action. The record before us is unclear as to the exact dates, but sometime before June 5, 2008, Garcia was arrested on unrelated charges and served a prison term lasting until July 2009. After that time, Garcia was released from prison and registered as a sex offender in San Patricio County where he resided until his arrest on the warrant in this case in January 2010.

At the hearing, Garcia pleaded "true" to the allegations in the 2006 motion to

2

revoke.[1]    Garcia's counsel argued during the punishment phase of the hearing that the cause should have been dismissed.   The trial court granted the motion to revoke and sentenced Garcia to seven years' imprisonment along with fines and costs.   This appeal followed.

## II.  APPLICABLE LAW

We review the revocation of a probated sentence for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (citing *Caddell v. State,* 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)).   A trial court abuses its discretion if it acts without reference to any guiding rules or principles.   *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).   In *Brecheisen v. State*, the Texas Court of Criminal Appeals described the diligence requirements in prosecuting a motion to revoke:

> Two requirements must be met for a trial court to acquire jurisdiction to revoke probation.  The State must file with the trial court, before the expiration of the probationary period, a motion to revoke probation that alleges the probationer violated the terms of the probation judgment.   The trial court must then, before the expiration of the probationary period, issue a capias based upon this motion that orders the arrest of the probationer.

> In addition to these jurisdictional requirements, the court is required to use due diligence in hearing and determining the allegations in the revocation motion.   The State is also required to use due diligence in executing the capias that results from the motion to revoke . . . .   The lack of due diligence is a plea in bar or defense, which must be raised by a defendant at the revocation hearing.

> This defense, however, is not an affirmative defense. Once the defendant meets the burden of production by raising the due-diligence

---

[1] Generally, a "plea of true, standing alone, is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).   However, if a defendant raises a defensive plea in bar, the State must additionally provide supporting evidence to meet its burden of proof on the defensive issue.   *See Brecheisen v. State*, 4 S.W.3d 761, 763–65 (Tex. Crim. App. 1999) (describing the state's additional burden when a defensive issue is raised and likening the defendant's ability to seek review of his due diligence claim to that under the Sixth Amendment right to a speedy trial).

3

issue at the revocation hearing, the State incurs the burden of persuasion to show that it exercised due diligence.

4 S.W.3d 761, 763 (Tex. Crim. App. 1999) (citations omitted).

### III. ANALYSIS

In his sole issue on appeal, Garcia contends that the State did not exercise due diligence in executing the capias or in prosecuting the motion to revoke in this case, and therefore, the trial court abused its discretion by not dismissing the case. We agree.

In this case, four years passed from the time the capias was issued until the time that Garcia was finally served. For two of these years, Garcia was incarcerated within the state of Texas, and for an additional six months, he was registered as a sex offender within San Patricio County. The State clearly had access to Garcia's whereabouts well before the time that the capias was actually served and could have served it within his original term of probation ending in May 2008. The record is silent as to what measures, if any, the State took in order to execute the capias and bring Garcia before the court on the motion to revoke. Once the issue is raised, "the State incurs the burden of persuasion to show that it exercised due diligence[,]" and therefore, because the state presented no evidence that it exercised any diligence whatsoever in the course of the four years in which the capias was pending, the trial court should have dismissed the case. *See id.*; *Rodriguez v. State*, 804 S.W.2d 516, 518 (Tex. Crim. App. 1991) (citing *Langston v. State*, 800 S.W.2d 553, 555 (Tex. Crim. App. 1990)) ("Because the seven and one-half month delay in arresting the defendant was not explained, there was nothing to show diligence on behalf of the State. Therefore, the defendant's motion to dismiss should have been granted.").

The State contends that Garcia did not "meet[] the burden of production by raising

4

the due-diligence issue at the revocation hearing," and therefore, the State's burden to show due diligence was never triggered. *See Brecheisen*, 4 S.W.3d at 762. We disagree. No precise combination of words is necessary to raise a defensive issue or to preserve it for our appeal. *See* Tex. R. App. P. 33.1(a) (noting that a complaint is preserved for our review if it was made by a timely request in which the grounds for the complaint were explained "with sufficient specificity to make the trial court aware of the complaint"). In this case, Garcia's counsel made the following argument to the court at the hearing:

> Judge, as you can read in the P.S.I., he was incarcerated in the institutional division for a period of two years I believe. I don't know why no one found him or knew where he was. I don't know why he was released if there was a warrant out for his arrest from [January 2006] . . . . This is an old case. I'd ask the [c]ourt to dismiss this probation and let him go on his way. I think that—I don't know why he was not allowed to take care of this when he was—whatever was going on in Harris County, but that would have been the time to handle this M.T.R. and get this all taken care of. . . . So, I'd ask the [c]ourt to dismiss this case.

We conclude that this was sufficiently specific to inform the judge that Garcia was complaining about the delay in service, the State's failure to "find" him even though he was in state custody, and that the proper relief would be a dismissal.

The State additionally contends that the above quoted request was insufficient to raise the issue of due diligence because it was not provided in a written motion. *See Brecheisen*, 4 S.W.3d at 762 (addressing the due diligence issue based on a written motion from the defendant); *Rodriguez*, 804 S.W.2d at 518 (same); *Langston v. State*, 800 S.W.2d 553, 555 (same). Although the court of criminal appeals has not addressed the due diligence issue based on an oral motion, we hold that the defendant was entitled to make such a motion during the revocation hearing and to have that motion preserved

5

for our review to the same extent as if he had filed a written motion. *See Smith v. State*, 120 S.W.3d 910, 911–12 (Tex. App.—Texarkana 2003, no pet.) (citing *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002)) ("The issue of the lack of due diligence is a defense that the defendant must raise before *or during* the revocation hearing." (emphasis added)).

In response to Garcia's argument at the hearing, the State did not provide any reason why the warrant was not served during Garcia's period of incarceration, nor did it provide any evidence that the State had engaged in any activities whatsoever to bring Garcia before the court. *See Brecheisen*, 4 S.W.3d at 763–65 (dismissing a motion to revoke because "the State 'wholly failed' to meet its burden to show that it exercised due diligence in executing the capias and apprehending the appellant"). Therefore, the trial court abused its discretion in failing to dismiss the motion to revoke, and we sustain Garcia's sole issue on appeal.

## IV. CONCLUSION

Because we hold that the trial court erred in failing to dismiss the State's motion to revoke, we reverse the judgment and remand the case to the trial court with directions to dismiss the motion to revoke probation.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2011.