NO. 07-11-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 28, 2012

_____

KEVIN MAILLET,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF JOHNSON COUNTY;

NO. M200901591; HONORABLE ROBERT MAYFIELD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Kevin Maillet appeals from a judgment revoking his community supervision. The latter had been granted him after he pled guilty to and was convicted of obstructing a highway. Its term was twelve months and began on April 14, 2010. On April 12, 2011, the State moved to revoke it because he allegedly 1) committed a new offense on May 9, 2010, consisting of his "Driving while Intoxicated in Kaufman County," and 2) "used alcohol as indicated by his arrest in Kaufman County" on May 9, 2010. Upon hearing

[1]John T. Boyd, Senior Justice retired, sitting by assignment.

the motion and receiving evidence, the trial court found the first allegation true, but not the second, and granted the motion. Appellant now contends that the trial court abused its discretion because there was no evidence that alcohol caused his intoxication and in failing to impose a "less harsh penalty."[2] He further contends that the State failed to use diligence in filing its motion to revoke. We affirm.

*Purported Abuse of Discretion*

We first address the allegation that the trial court erred because it did not assess a "less harsh sentence." The sentence at issue consisted of confinement for 180 days, and it was the punishment originally levied before appellant was granted probation. Yet, how that term of incarceration was unduly harsh or why he was entitled to a lesser term goes unexplained. Rather, appellant simply labels it harsh and considers it an instance of abused discretion. Such conclusory argument lacking both substantive development and citation to authority does not comport with Rule 38 of the Rules of Appellate Procedure and results in the waiver of his complaint. *See* TEX. R. APP. P. 38.1(i) (stating that the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *McFarland v. State,* 928 S.W.2d 482, 521 (Tex. Crim. App. 1996) (stating that an appellant waives an issue by failing to support it by substantive argument and citation to authority). Thus, we overrule the point.

As for the contention that the trial court erred because the State failed to prove he was intoxicated due to the ingestion of alcohol, we find it meritless. As indicated above, appellant was simply accused of "[d]riving while intoxicated in Kaufman County."

---

[2]The penalty at issue consisted of a 180-day jail sentence.

2

The particular allegation (that is, the first mentioned by the State) says nothing about his being intoxicated because he consumed alcohol. Nor does the second accusation of the State (which was dependent upon the presence of alcohol) expressly limit or modify the first. So, the State was not restricted to proving the first accusation via evidence illustrating the use of alcohol. Rather, it remained free to show intoxication through any of the several ways encompassed by the definition of intoxication, which included the use of drugs. *See* TEX. PENAL CODE ANN. §49.01(2)(A) (West 2011) (defining intoxication as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body"). And, most importantly, appellant admitted to not having the normal use of his mental or physical faculties by reason of his ingesting prescription drugs. Accordingly, the trial court had ample evidence to support its finding that appellant was "[d]riving while intoxicated in Kaufman County," and we overrule the issue.

*Lack of Diligence*

Appellant finally alleges that the State failed to act diligently in filing its motion to revoke probation. While it may be true that the State must use diligence in executing the capias issued upon the filing of a motion to revoke and the trial court must diligently hear and resolve that motion, *Brecheisen v. State*, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999), appellant cites us to no authority imposing upon the State any duty to act diligently *viz* the *filing* of a motion to revoke. Nor does he explain how the State acted less than diligently in seeking that relief at the time it did. So, again appellant failed to

3

satisfy the briefing requirements encompassed by Rule 38.1 and, therefore, waived his complaint. And, this requires us to overrule the point.

Having overruled each issue raised by appellant, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.